**Santokh Sing SOHAL, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71518.
Agency No. A75–534–176.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 2004.*

Decided Jan. 16, 2004.

Daniel B. Dorfman, Canoga Park, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Legal Officer, Office of the District Counsel, San Francisco, CA, Mary Jane Candaux, Anh–Thu P. Mai, Judith K. Hines, U.S. Department of Justice, Washington, DC, for Respondent.

Before BEEZER, HALL, and SILVERMAN, Circuit Judges.

## MEMORANDUM**

Santokh Sing Sohal, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual determinations concerning a petitioner's eligibility for asylum, and must uphold them unless the evidence compels a contrary result. *INS v. Elias–Zacarias,* 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

Substantial evidence supports the BIA's determination that relevant conditions in the Punjab changed between Sohal's incidents of past persecution and the date of his removal hearing so that he no longer has a well-founded fear of persecution. *See Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 1000 (9th Cir.2003) (upholding the BIA's reliance on country condition reports where the BIA makes an individualized analysis of how changed conditions will affect petitioner's specific situation).

In failing to qualify for asylum, Sohal necessarily failed to satisfy the more stringent standard for withholding of removal.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*See Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995).

## PETITION FOR REVIEW DENIED.